PER CURIAM.
Appellant has abandoned three of his five points in this appeal. In his remaining points, appellant contends the trial court erred in its order of restitution and its assessment of costs pursuant to section 960.20, Fla.Stat. (1991).
The record supports the trial court’s finding that appellant’s criminal activity resulted in the losses sustained by Florida Power and Light. We, therefore, affirm the order of restitution.
The state concedes error in the trial court’s assessment of section 960.20 costs in the amount of $50.00, and agrees that the restitution order should reflect an assessment of only $20.00 in costs. We agree. See § 960.20, Fla.Stat. (1991). Although the legislature amended this statute in Ch. 92-287, § 23, at 2197, Laws of Fla., mandating imposition of $50.00 in costs, the amendment does not apply because the state had not charged appellant as of the October 1, 1992 effective date of that statute. See § 960.20, Fla.Stat. (1992).
We also hold the trial court erred when it assessed public defender fees without affording appellant notice and an opportunity to be heard on the amounts imposed.
Accordingly, we reverse the assessment of $50.00 in costs and the assessment of public defender fees. We remand to the trial court with instructions to vacate the assessment of public defender fees and to amend its order to reflect an assessment of only $20.00 pursuant to section 960.20, Fla.Stat. (1991). Except as expressly stated above, we affirm appellant’s conviction and sentence in all other respects.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, C.J., and GUNTHER and KLEIN, JJ., concur.